WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of American<br><br>          Plaintiff,<br><br>v.<br><br>$37,000.00 in U.S. Currency<br><br>          Defendant.<br>_____<br><br>Aaron Orr and Jessica Deyo,<br><br>          Claimants. | No. CV-12-00359-PHX-JAT<br><br>**ORDER** |

Pending before the Court are (1) Claimants' Motion to Dismiss Case and Motion to Strike (Doc. 19); (2) Claimants' Motion to Stay (Doc. 24); (3) Plaintiff's First Motion for Extension of Time to Complete Discovery as to Claimant Aaron Orr (Doc. 26); and (4) Plaintiff's Motion to Compel Discovery (Doc. 28). The Court now rules on the Motions.

**I.      Claimants' Motion to Dismiss Case and Motion to Strike (Doc. 19)**

Claimants request that the Court strike each of Plaintiff's propounded discovery requests and Notices of Deposition and dismiss this case. Claimants argue that Plaintiff has failed to complete discovery in a timely manner as set forth in this Court's Scheduling Order (Doc. 3), and, thus, striking the discovery requests and dismissing this case is warranted.

1    In its February 22, 2012 Scheduling Order, the Court set forth the deadline for completing discovery as follows: "The deadline for completing discovery is six (6) months from the date the case is at issue." (Doc. 3 at 1).

Claimants argue that this language means that all discovery was to be completed six months from the day this action was commenced (filed), which was February 21, 2012. Accordingly, Claimants argue that all discovery should have been completed no later than August 21, 2012. Claimants argue that they did not receive discovery requests until August 21, 2012 or notices of deposition until August 22, 2012 and, thus, the case should be dismissed because Plaintiff did not engage in timely discovery.

In Response, Plaintiff argues that the date the case is "at issue," as set forth in this Court's Scheduling Order, is not the date the case was commenced. Rather, Plaintiff argues, the date the case is "at issue" is the date of the filing of the verified Claim and Answer. To support its argument, Plaintiff points to the definition of "at issue" in Black's Law Dictionary, which defines "at issue" as "[t]aking opposite sides; under dispute; in question." BLACK'S LAW DICTIONARY (9th ed. 2009). Plaintiff argues that, in a forfeiture case, such as this one, the matter is not in dispute or in question until a verified Claim and Answer challenges the allegations in Plaintiff's Complaint. Further, Plaintiff points to this Court's website, where, under "Self-Help Tools" and "Glossary of Terms," the Court relevantly defines the term "Issue" as "When the plaintiff and defendant have arrived at some point which one affirms and the other denies, they are said to be 'at issue.'" *See* U.S. District Court, District of Arizona, *Glossary of Terms*, http://www.azd.uscourts.gov/azd/courtinfo.nsf/court/files/$file/glossary+of+terms.pdf (last visited October 3, 2012). Accordingly, Plaintiff claims that the date this case was at issue was April 18, 2012, the date the Claimants filed their Answer and thus, the deadline for completion of discovery is October 18, 2012.

In Reply, Claimants argue that the case became "at issue" when Plaintiff filed its Complaint because, prior to the filing of the case with this Court, on November 23, 2011, the U.S. Department of Justice mailed Claimants a Notice of Seizure letter and on that

1  same day, Claimants' "filed[1]" their Statement of Interest and Petition to Contest Forfeiture. Accordingly, Claimants argue the case became at issue when Plaintiff filed its Complaint.

The Court agrees with Plaintiffs that the date *the case* became *at issue* was the date that Claimants filed their Answer. In its Scheduling Order, which sets forth deadlines relating to the case currently before the Court, the Court set the deadline for discovery as six months from the date the case is at issue. The Court did not indicate that this deadline would begin to run from the date the dispute arose between the parties, as Claimants contend. Indeed, the Court would have no way of establishing such a deadline without further information from the parties. Claimants filed their admissions and denials of Plaintiff's allegations in their Answer, and thus, the date the Answer was filed was the date the case became at issue for the purposes of this Court's Scheduling Order. Indeed, without the admissions and denials contained in the answer, it would be difficult for the parties to ascertain exactly what discovery would need to be conducted in the case. Accordingly, the discovery deadline in this case began to run on April 18, 2012.

Based on the foregoing, Claimants' Motion to Dismiss Case and Motion to Strike (Doc. 19) is denied. In their Motion to Stay Discovery, Claimants requests that the Court stay discovery pending the Court's ruling on Claimants' Motion to Dismiss and Motion to Strike. In light of the foregoing, the Motion to Stay is denied as moot.

**II.   Plaintiff's First Motion for Extension of Time to Complete Discovery as to Claimant Aaron Orr (Doc. 26).**

Plaintiff moves for an extension of time to complete discovery as to Claimant Aaron Orr because Claimant Orr failed to appear for his first noticed deposition and Claimant Orr's counsel claims that he is incarcerated in Florida for an unknown period of time. Plaintiff requests that the Court extend the discovery period for 60 days to allow time for Claimant Orr to be located, to confirm his incarceration and to notice his

---

[1] Claimants do not specify and it is not clear to the Court where or with whom this Statement of Interest and Petition to Contest Forfeiture was "filed."

deposition or arrange for his deposition in the penal facility in which he is held. As a result, Plaintiff also request that the period for filing dispositive motions be extended 30 days. Good cause appearing, Plaintiff's Motion for Extension of Time to Complete Discovery as to Claimant Aaron Orr is granted.

### III. Plaintiff's Motion to Compel Discovery (Doc. 28)

Plaintiff requests that the Court order Claimant Deyo to respond to discovery requests propounded on August 21, 2012. Although responses to such requests were due on September 25, 2012, Plaintiff has received no response. Further, Plaintiff requests that the Court order Claimant Deyo to appear for her deposition. Plaintiff noticed Ms. Deyo's deposition for September 28, 2012. After Ms. Deyo's counsel represented that Ms. Deyo would not appear on that date, her deposition was cancelled. Ms. Deyo's deposition was rescheduled for October 9, 2012. After Ms. Deyo's counsel represented that Ms. Deyo would not appear on that date, her deposition was again cancelled. Plaintiff then noticed Ms. Deyo's deposition for October 16, 2012, two days before the discovery deadline set by the Court. Plaintiff requests that the Court order Ms. Deyo to appear for her deposition on October 16, 2012. Good cause appearing, Plaintiff's Motion to Compel Discovery is granted.

Based on the foregoing,

**IT IS ORDERED** that Claimants' Motion to Dismiss Case and Motion to Strike (Doc. 19) is denied.

**IT IS FURTHER ORDERED** that Claimants' Motion to Stay (Doc. 24) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's First Motion for Extension of Time to Complete Discovery as to Claimant Aaron Orr (Doc. 26) is granted. **IT IS ORDERED** that the deadline for completing discovery as to Claimant Aaron Orr is extended from October 18, 2012 to December 18, 2012. **IT IS FURTHER ORDERED** extending the deadline for filing dispositive motions from December 18, 2012 to January 18, 2013.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 28) is granted.  **IT IS ORDERED** that Claimant Deyo shall respond to all written discovery requests propounded by Plaintiff on or before October 10, 2012.  **IT IS FURTHER ORDERED** that Claimant Deyo shall appear for her deposition on October 16, 2012 at 8:30 a.m.

Dated this 3rd day of October, 2012.

_____
James A. Teilborg
United States District Judge